988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Carlos CHAVEZ-VERNAZA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-35199.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1993.
Decided Feb. 17, 1993.
 
 Appeal from the United States District Court For the District of Oregon; Nos. CV-91-935-JAR, CR-84-57-02-JAR, James A. Redden, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. OVERVIEW
 
 2
 Petitioner Jose Carlos Chavez-Vernaza ("Chavez-Vernaza") appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2255 (1988). He claims that his conviction should be vacated because the government intentionally discriminated on the basis of race during jury selection in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Chavez-Vernaza, who is a Peruvian national, seeks to benefit retroactively from Powers v. Ohio, 111 S.Ct. 1364 (1991), in which the Supreme Court held that a defendant has standing to bring a Batson claim on behalf of challenged jurors who are of a different race from the defendant.
 
 
 3
 Because we find that Chavez-Vernaza did not establish a Batson violation under any standard, we do not reach the question of whether or not Powers applies retroactively. We therefore affirm the district court's denial of the habeas petition.
 
 II. FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 Chavez-Vernaza was convicted by an all-White jury in 1986 of various drug-related charges stemming from his pivotal role in a large-scale conspiracy to import and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 848. During jury selection, several venirepersons were excused because they had planned vacations, a few others were excused for cause, and several were peremptorily challenged. There were two Blacks on the 58-person venire of potential jurors; the government exercised peremptory challenges against both of them.
 
 
 5
 Petitioner's counsel raised a Batson claim on the basis of these strikes. In response, the government volunteered explanations for its strikes of the Black venirepersons, which the district court accepted with the following finding: "the Government has made a showing as to why they excused those particular jurors; they were excused not because they were [B]lack but they have stated the reason."
 
 
 6
 We rejected Chavez-Vernaza's Batson claim on direct appeal, United States v. Chavez-Vernaza, 844 F.2d 1368, 1376 (9th Cir.1987), finding that he did not establish a prima facie case since he was not of the same race as the struck jurors. In 1991, Chavez-Vernaza filed a petition for a writ of habeas corpus seeking reconsideration of his Batson claim in light of Powers. The district court denied the petition, and Chavez-Vernaza timely appealed.
 
 III. DISCUSSION
 
 7
 If Powers announced a "new rule" of criminal procedure, it will not apply retroactively to habeas claims such as Chavez-Vernaza's. Teague v. Lane, 489 U.S. 288 (1989). Only one circuit court has reached the issue of whether Powers applies retroactively to collateral appeals. Holland v. McGinnis, 963 F.2d 1044, 1053-55 (7th Cir.1992).
 
 
 8
 The First Circuit expressly declined to reach the issue, finding that the habeas petitioner had not established a prima facie Batson claim. Chakouian v. Moran, 975 F.2d 931 (1st Cir.1992). Today, we follow the approach of the Chakouian court and expressly decline to decide whether or not Powers is a new rule under the analysis in Teague.
 
 
 9
 We hold that Chavez-Vernaza did not establish a Batson violation. In reviewing a district court's findings regarding a Batson claim, this court is extremely deferential: "The district court's findings regarding purposeful discrimination in the jury selection process are findings which we will not set aside unless they are clearly erroneous." United States v. De Gross, 960 F.2d 1433, 1442 (9th Cir.1992) (en banc).
 
 
 10
 When the prosecutor volunteered explanations for his peremptory strikes of the two Black venirepersons, the question of whether Chavez-Vernaza had established a prima facie Batson claim became moot. Hernandez v. New York, 111 S.Ct. 1859, 1866 (1991). At that point, the government was required to provide a race-neutral reason for its strikes. United States v. Bishop, 959 F.2d 820, 821 (9th Cir.1992).
 
 
 11
 We have held that, once a prima facie Batson claim is made, "the defense must be given the opportunity to hear the prosecutor's reasons for excluding the [minority group] potential jurors and to argue that those reasons are pretextual." United States v. Alcantar, 897 F.2d 436, 438 (9th Cir.1990). In the case at bar, Chavez-Vernaza reiterated his objection after hearing the government's explanation, but he never argued that these were pretexts for race-based discrimination.
 
 
 12
 In the absence of such argument, the district court's finding that the government's reasons for the strikes were indeed race-neutral is not clearly erroneous.[1] Thus, we uphold the district court's denial of the petition.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our recent cases suggest that district courts can pursue the pretextual issue sua sponte. See Bishop, 959 F.2d at 826 (suggesting comparison between jurors struck and those remaining to explore reasonableness of reasons given); United States v. Chinchilla, 874 F.2d 695 (9th Cir.1989) (advocating comparison between challenged and unchallenged jurors to check for pretexts). These cases do not require the trial court to do so, however, and Chavez-Vernaza did not urge the district court to do so at trial